```
                    UNITED STATES DISTRICT COURT

           CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

            HONORABLE JOHN A. KRONSTADT, U.S. DISTRICT JUDGE



TERRY HODGES,                          )
                                       )
              Plaintiff,               )
                                       )          Case No.
     vs.                               )          CV 15-05158 JAK
                                       )
CHRISTOPHER TUCKER, et al.,            )
                                       )
              Defendants.              )
_____)



                      REPORTER'S TRANSCRIPT OF
                        SCHEDULING CONFERENCE
                     MONDAY, SEPTEMBER 21, 2015
                             1:48 P.M.
                       LOS ANGELES, CALIFORNIA
```

_____

                CAROL JEAN ZURBORG, CSR NO. 7921, CCRR
                   FEDERAL OFFICIAL COURT REPORTER
                  312 NORTH SPRING STREET, ROOM 414
                    LOS ANGELES, CALIFORNIA  90012
                           (213) 894-3539

1       **APPEARANCES OF COUNSEL:**

2

3   **FOR THE PLAINTIFF:**

4       GORDON & REESE, LLP
        BY:  JOAN B. FLAHERTY
5            Attorney at Law
        101 West Broadway, Suite 2000
6       San Diego, California 92101
        (619) 696-6700
7       (Telephonic appearance.)

8       GORDON & REESE, LLP
        BY:  RICHARD P. SYBERT
9            Attorney at Law
        633 West Fifth Street, 52nd Floor
10      Los Angeles, California 90071
        (213) 576-5000
11      (Telephonic appearance.)

12  **FOR THE DEFENDANTS:**

13      LAVELY & SINGER
        BY:  ALLISON S. HART
14           Attorney at Law
        2049 Century Park East, Suite 2400
15      Los Angeles, California 90067
        (310) 556-3501

16

17

18

19

20

21

22

23

24

25

**LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 21, 2015**

**1:48 P.M.**

**--oOo--**

THE COURT:  Item 11:  CV 15-5158, Hodges v Tucker.

MR. SYBERT:  Your Honor, Richard Sybert and Joan B. Flaherty from the Gordon & Rees firm on the telephone for the plaintiff Terry Hodges.

THE COURT:  All right.  Good afternoon, Mr. Sybert and Ms. Flaherty.

MS. HART:  Good afternoon, Your Honor.  Allison Hart of Lavely & Singer on behalf of the defendant and counter-defendant Chris Tucker.

THE COURT:  And who are you, sir?

MR. HODGES:  I'm Terry Hodges, sir.

THE COURT:  You are being represented by counsel, correct?  You can just sit there, right on the bench, please.  Right on the bench, the first row of the bench.

MR. HODGES:  I'm sorry.

THE COURT:  That's fine.  Thanks.

    Now, Mr. Sybert, is there any issue concerning your ongoing representation of Mr. Hodges?

MR. SYBERT:  There is, Your Honor.  We have intended to submit a notice of withdrawal, which we believed had been consented to or would be consented to by Mr. Hodges.  That proved not to be the case, so it is currently our intention to

```
 1  file a motion and notice of motion to be permitted to withdraw.
 2              THE COURT:  Mr. Hodges, can you come forward again,
 3  please?
 4       You can use that microphone.
 5       Mr. Hodges, I am not asking you to disclose any
 6  communications you've had with Mr. Sybert or Ms. Flaherty,
 7  those are privileged, but I would like to know whether you have
 8  a position as to whether you plan to seek new counsel or
 9  whether you plan to oppose a request by your current counsel to
10  withdraw.
11              MR. HODGES:  I plan to seek new counsel.
12              THE COURT:  And how long do you think it would take
13  you to identify and engage new counsel?
14              MR. HODGES:  A month, two months.  I'm not sure,
15  Your Honor, because -- I'm not sure because I found out that I
16  was being withdrawn last week, which was Thursday, and today is
17  Monday.  And I didn't call my lawyers, Mr. Sybert, because such
18  late notice.  We had court Monday, today, and I just found this
19  out last week that they plan to withdraw.
20              THE COURT:  Okay.  All right.  Just a minute.
21        What I would like you to do, Mr. Hodges, is to continue to
22  communicate with Mr. Sybert and Ms. Flaherty with respect to
23  what your position is concerning their planned motion to
24  withdraw as your counsel, if you plan to oppose that.  And
25  likewise, at the same time, if you are planning to look for new
```

1  counsel, then you should move expeditiously to do that.  I
2  don't plan to have the case just sit still for 60 days while
3  you look for a potential new counsel or if you elect to
4  represent yourself.
5          MR. HODGES:  Can I ask two things Your Honor?  One
6  is I would like to know the reason for the withdrawal.
7          THE COURT:  I can't discuss that with you.  That's
8  something that you and your counsel need to discuss.
9          MR. HODGES:  Okay.  Okay.
10          THE COURT:  If there is a motion, consider the
11  motion, but I don't want -- as I said at the outset, I don't
12  want to ask communications --
13          MR. HODGES:  I understand.
14          THE COURT:  -- between you and your counsel, some of
15  which may be privileged.
16          MR. HODGES:  I understand that.  Right now I would
17  like to represent myself.
18          THE COURT:  That is something you can speak to
19  counsel about.  Right now, unless you are going to excuse your
20  counsel right this minute and represent yourself in this
21  hearing, you are still represented by counsel for purposes of
22  setting dates.
23          MR. HODGES:  That is what I would like to do,
24  Your Honor.
25          THE COURT:  What would you like to do?

1    MR. HODGES: I would like to excuse them and
2 represent myself.
3    THE COURT: Okay. Mr. Sybert, do you have any
4 objection to that?
5    MR. SYBERT: No, Your Honor, I do not.
6    THE COURT: Ms. Flaherty?
7    MS. FLAHERTY: No, Your Honor.
8    THE COURT: All right. Then what I need -- here's
9 what I need. I need a filing made by Mr. Sybert, Ms. Flaherty;
10 should be prepared by you --
11    You can be seated, Ms. Hart.
12    The form that we use in the Central District should be
13 prepared and then provided to Mr. Hodges for his signature, and
14 then it should be filed.
15    MR. SYBERT: Yes, Your Honor. We will do that.
16    THE COURT: But until that's filed, although I will
17 grant the request when it's made in paper, until it's made, the
18 granting of your motion is subject -- the granting of the
19 request by Mr. Hodges, which is based on his counsel's request
20 that they be relieved, is granted; provided, however, that it
21 will become effective upon the filing of that document which
22 designates Mr. Hodges as representing himself.
23    And then, Mr. Hodges, if you elect to pursue and engage
24 new counsel, you need to do that promptly. And then another
25 form would be filed in which your new counsel would enter its

1  appearance or his or her appearance in place of you.
2       Do you understand that, sir?
3            MR. HODGES: Yes, sir -- yes, Your Honor, I mean.
4            THE COURT: Now, with respect to the dates, I don't
5  think I received an Exhibit A. Did I?
6            MS. HART: Yes, Your Honor, you did. It should have
7  been attached to the statement submitted on behalf of
8  defendant. I have a copy with me, if you would like to take a
9  look.
10            THE COURT: Could I see it, please?
11            MS. HART: Yes, Your Honor.
12            THE COURT: All right. But there was no joint
13  request; is that correct?
14       Mr. Sybert, did you file --
15            MR. SYBERT: I don't believe -- this is Richard
16  Sybert, Your Honor.
17       I don't believe there was a joint request, if the Court
18  means the defendant signing on to it.
19            THE COURT: Do you agree with that, Ms. Hart?
20            MS. HART: Yes, Your Honor.
21            THE COURT: Here are the dates I have in mind.
22       And, Mr. Hodges, I think the clerk has provided -- you can
23  be seated here now. I believe the clerk has provided you with
24  a blank copy, what we call Exhibit A.
25       And, Mr. Sybert, you should be able to follow along. My

1   plan is the following:  I would set the trial in this matter
2   for October 18, 2016, in light of both the nature of the claims
3   as well as issues concerning representation of the plaintiff
4   and counter-claim defendant.  Final pretrial conference,
5   October 3, 2016, at 3:00; last date to hear motions, August 22,
6   2016; last date to file them, June 27, 2016; expert discovery
7   to be completed by June 28, 2016; expert rebuttal disclosures,
8   if any, June 14, 2016; initial expert disclosures, if any,
9   May 31, 2016; complete nonexpert discovery by May 16, 2016.
10          And in terms of trying to resolve the matter, I believe
11  that it would be appropriate to use an attorney settlement
12  officer panel on whom the parties agree, and to have a meeting
13  with that person by on or before January 29, 2016, with a joint
14  report as to the procedural status filed on or before February
15  5, 2016.  Post-mediation status conference February 22, 2016,
16  at 1:30.  Conference can go off automatically if you file a
17  notice of settlement, and I may take it off calendar based on
18  what I read in your joint report in terms of whether I need to
19  see you.
20          In terms of the attorney settlement officer panel, you
21  need to collaborate and see if you can reach agreement on that
22  person.  Once agreement is reached and the person's appointed,
23  then the person's time must be respected.  Persons with
24  authority must be present with the settlement panelist, and
25  materials that are requested or directed by the settlement

```
 1   panelist to be filed in advance of the session shall be filed.
 2        Ms. Hart, let me start with you.  What about these dates?
 3            MS. HART:  I have no objection to the dates.  Those
 4   are fine with us.
 5            THE COURT:  And, Mr. Sybert, do you have a view on
 6   these dates?
 7            MR. SYBERT:  I do not, Your Honor.  And in light of
 8   the stated intention to substitute in other counsel, I'm not
 9   sure I would be entitled to have an opinion on them.
10            THE COURT:  All right.  Mr. Hodges, do you have a
11   view about these dates?
12            MR. HODGES:  Yes.
13            THE COURT:  You can stand when you speak.
14            MR. HODGES:  Yes, Your Honor.  I would like to know
15   if we can do it sooner.
16            THE COURT:  Well, I don't know.  That was what was
17   proposed by defendants.  And when I looked at this, I wasn't
18   sure that could be accomplished.  And until it's determined
19   whether you have counsel or will be representing yourself, then
20   I don't think it's appropriate for me to make that
21   determination.
22      Now, once you either are -- it's finally confirmed that
23   you will be representing yourself or you have counsel, parties
24   are free to enter a stipulation and proposed order where --
25   stipulation, excuse me, and present it with a proposed order to
```

1 advance the dates provided.  However, you need to allow the
2 number of weeks as shown here between the hearing on any -- the
3 last day for motions and their filing, but I think it would be
4 more appropriate for you to consider that issue after you've
5 determined who -- whether you will be self-represented or
6 represented by counsel.  And as I say, defendant at this point
7 has proposed earlier dates, so I don't expect that to be an
8 issue for the defendant.
9     Is that correct?
10         MS. HART:  That is correct, Your Honor.
11         THE COURT:  And counter-claimant.
12     One minute, please.
13     Anything else we need to do today?
14         MS. HART:  I believe that's all, Your Honor.
15         THE COURT:  Anything further, Mr. Hodges?
16         MR. HODGES:  No, Your Honor.
17         THE COURT:  Mr. Sybert?
18         MR. SYBERT:  No, Your Honor.  Thank you.
19         THE COURT:  Okay.  Thanks.
20         MS. HART:  Thank you, Your Honor.
21         MS. FLAHERTY:  Thank you, Your Honor.
22         THE COURT:  Try your best to try to resolve this.
23 Thanks.
24         (Proceedings concluded at 1:59 p.m.)
25         ---oOo---

**UNITED STATES DISTRICT COURT**

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES )
)
STATE OF CALIFORNIA )

      I, CAROL JEAN ZURBORG, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: December 30, 2016

/s/ CAROL JEAN ZURBORG
_____
CAROL JEAN ZURBORG, CSR NO. 7921, CCRR
Federal Official Court Reporter